IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERRITSEN BEACH INVESTMENTS, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-CV-1555-N |
| SOUTHWEST SECURITIES, INC., *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

This Order addresses Plaintiffs Gerritsen Beach Investments, Ltd. and SSST Riviera Investments, Ltd.'s (collectively "Gerritsen Beach") motion to remand [10]. Because the Court finds that Defendants Southwest Securities, Inc. and W. Leighton Stallones (collectively "Southwest") failed to obtain all Codefendants' consent to remove, the Court grants Gerritsen Beach's motion and remands the case.[1]

### I. ORIGINS OF GERRITSEN BEACH'S REMAND REQUEST

Gerritsen Beach commenced suit on August 26, 2010 in the 44th Judicial District Court in Dallas County, Texas against Defendants Southwest Securities, Inc.; W. Leighton

---

[1]In light of this ruling, Defendants' motion for extension of time [17], Plaintiffs' request for default judgment [18], and Defendant First Republic Bank's motion to compel discovery [19] are denied as moot. Plaintiffs' Motion for Leave to Amend Complaint [12] is also denied as moot, though the Court notes that "the [P]laintiff[s] cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). In addition, the Court vacates the portion of its October 12, 2011 Order scheduling an Expedited Motion Hearing on October 25, 2011 to address First Republic's motion to compel.

ORDER – PAGE 1

Stallones; Republic First Bank; SSJ Development of Gerritsen Beach I, LLC; SSJ

Development of Mill Basin I Group, LLC; and SSJ Development of Sheepshead Bay, LLC.

Pls.' Original Pet. ¶¶ 5-10 [1-4].  Gerritsen Beach asserted only state law claims in their

Original Petition.  *See id.* at ¶¶ 22-30.  After filing suit, Gerritsen Beach attempted to serve

Defendants SSJ Development of Sheepshead Bay, LLC; SSJ Mill Basin I Group, LLC; and

SSJ Development of Gerritsen Beach I, LLC ("SSJ Defendants") through the Texas Secretary

of State.[2]  Defs.' Notice Removal, Ex. D4-D6 [1-4].  Certificates from the Secretary of State

on file in the state action indicate that the Secretary received copies of the Original Petition

and Citations and forwarded copies to each of the SSJ Defendants.  *Id.* at Ex. D8, D14, D15.

However, the Certificates also state that "process was returned to this office, . . . [and] there

was no reason stated on the envelope for return" with regard to SSJ Development of

Gerritsen Beach I, LLC, *id.* at Ex. D8, and that "process was returned to this office . . .

bearing the notation Unclaimed" with regard to both SSJ Development of Sheepshead Bay,

LLC and SSJ Mill Basin I Group, LLC, *id.* at Ex. D14, D15.

On July 1, 2011, Gerritsen Beach filed its First Amended Petition, and Southwest,

with Republic First Bank's consent, removed the case to this Court on July 11, 2011.

Southwest based its removal on federal question jurisdiction under 28 U.S.C. § 1331 –

specifically, that the case became removable when Gerritsen Beach filed its First Amended

Petition, in which it added violations of the Racketeer Influenced and Corrupt Organizations

Act ("RICO"), 18 U.S.C. §§ 1962(c), 1962(d), to its previous state law claims.  *Id.* at 3-4.

---

[2]The parties dispute whether Gerritsen Beach actually served the SSJ defendants
through the Secretary of State, a point the Court addresses below.

In Southwest's Notice of Removal, it alleged that since (1) Gerritsen Beach did not accomplish service on the SSJ Defendants and (2) the SSJ Defendants were nominal parties, Southwest need not obtain their consent to remove the case.[3] *Id.* at 4.

Gerrtisen Beach now moves to remand, alleging Southwest improperly removed the case without the SSJ Defendants' consent. Pls.' Br. Supp. Mot. Remand 1 [11]. Gerritsen Beach states that the Secretary of State's Certificates conclusively prove Gerritsen Beach served the SSJ Defendants pursuant to the Texas Long Arm Statute, and that, therefore, removal required the SSJ Defendant's consent.[4] It also contends that even if service for removal purposes requires that a defendant actually receive process, Defendant Republic First Bank, in a related case,[5] produced evidence that the SSJ Defendants received litigation

---

[3]In its response to Gerritsen Beach's motion to remand, Southwest also added that Gerritsen Beach's federal RICO claim constituted a separate and independent claim against them removable under 28 U.S.C. § 1441(c) without the SSJ Defendants' consent. Defs.' Resp. 13-15.

[4]Southwest points out that Gerritsen Beach has not offered proof of service on the Secretary of State for the SSJ Defendants of its First Amended Petition. Defs.' Resp. 9. However, the Court notes that Gerritsen Beach only filed its First Amended Petition in state court on July 1, 2011, Southwest removed the case on July 11, 2011, and Gerritsen Beach moved to remand on July 21, 2011.

[5]Both parties acknowledge that Republic First Bank filed a related lawsuit in the Eastern District of Pennsylvania, *Republic First Bank v. Stephen Jemal*, Civil Action No. 2:10-cv-03135-JHS (E.D. Penn. filed Sept. 17, 2010) (Slomsky, J.), against Stephan Jemal (among others), who either manages, owns, or controls, Pls.' Br. Supp. Mot. Remand 2, or is affiliated with, Defs.' Resp. 5 [14], the SSJ Defendants. Gerritsen Beach states:

> Republic effectuated service of process on Stephen Jemal . . . by delivering a copy of the original complaint to Jemal's New York address (the same address used by Plaintiffs to serve him in this lawsuit). Republic's registered mail was returned 'unclaimed,' and Republic moved for a default judgment on the grounds that the unclaimed certified mail amounted to effective service on Stephen Jemal and the Jemal entities. When Jemal opposed the default judgment, Republic filed affidavits, and at least one motion, alleging proper

related materials, reviewed the materials, repackaged them, and returned them as "unclaimed" (through Stephen Jemal, who manages, owns, and controls the SSJ Defendants). *Id.*

## II. REMAND IS APPROPRIATE BECAUSE THE SSJ DEFENDANTS DID NOT CONSENT TO REMOVAL

### A. Remand Standard

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *E.g., Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). The Court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If the requirements for federal jurisdiction are not apparent from the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003); *see also Gasch ex rel. Z.G. v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 n.27 (5th Cir. 2007) (noting that a court considering a motion to remand "may pierce the pleadings and consider summary judgment evidence" (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir.

---

service of process and describing Stephen Jemal's efforts to evade service. Pls.' Br. Supp. Mot. Remand 3-4. Gerritsen Beach attached filings from the Pennsylvania action to support its contention. *See id.*

2004))). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### B. Southwest's Removal Is Procedurally Defective Because It Violates the Rule of Unanimity, and No Exceptions to the Rule Apply

A defendant must file its notice of removal according to 28 U.S.C. § 1446. This removal statute requires unanimity among defendants to remove: "[A]ll defendants who are properly joined and served must join in the removal petition, and . . . failure to do so renders the petition defective."[6] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted); *see also, e.g., McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("It has long been the general federal rule that all defendants must join in or consent to removal.") (collecting authorities). However, there are several narrow, generally recognized exceptions to this "rule of unanimity." *Getty Oil*, 841 F.2d at 1261 n.9. Between its notice of removal and response to Gerritsen Beach's motion to remand, Southwest argues that three exceptions apply here. Defs.' Notice Removal 3-4; Defs.' Resp. 8-15 [14]. The Court disagrees.

*1. Nominal Parties.* – First, Southwest argues that the SSJ Defendants are nominal parties. Defs.' Resp. 11-13. A nominal party is one against whom the plaintiff would have

---

[6]The Court notes that a defective notice of removal, or one without the consent of all defendants, constitutes a procedural defect. *See In re Shell Oil Co.*, 932 F.2d 1518, 1521-23 (5th Cir. 1991); *Ross v. City of Lancaster*, No. 3:08-cv-1156-D, 2008 WL 4062082, at *2 (N.D. Tex. 2008) (Fitzwater, C.J.). When a removal defect is procedural, a plaintiff waives objection unless it makes a timely motion to remand, *id.*, as Gerritsen Beach did here.

no possibility of maintaining a cause of action in state court, and such a party need not join in the removal petition. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); *see also, e.g.*, *Carr v. Mesquite Indep. Sch. Dist.*, No. 3:04-cv-0239, 2004 WL 1335827, at *1 (N.D. Tex. 2004) (Fitzwater, J.); *Ayres v. City of Beaumont*, 193 F.Supp.2d 896, 897-98 (E.D. Tex. 2001) (holding that a city's fire chief was a nominal party where immunity barred suit against him in state court). The burden is on the removing party to demonstrate that the plaintiff would have no cause of action against a purportedly nominal party. *Farias*, 925 F.2d at 871 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

Southwest has not met its burden here.[7]  Southwest first points out that Gerritsen Beach exchanged its equity investments in the SSJ Defendants for a promissory note payable by Mr. and Mrs. Jemal, and that it thus has no claims against the SSJ Defendants in connection with the original equity investment. Defs.' Resp. 12.  However, the Court fails to see how this fact extinguishes Gerritsen Beach's common law fraud, fraud by nondisclosure, statutory fraud, negligent misrepresentation, and Texas Securities Act claims

---

[7]Southwest also points out that the SSJ Defendants have not engaged in the state court litigation, Defs.' Resp. 6; however, this fact does not rob Gerritsen Beach of a state action against them.  Indeed, Gerritsen Beach could obtain a default judgment against the SSJ Defendants in state court against whatever assets those entities still posses. *See, e.g., Carr*, 2004 WL 1335827, at *1-4; *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464 (Tex. 2004).

– claims under which Gerritsen Beach alleges all defendants are at fault.[8] Pls.' First Am. Pet. ¶¶ 49-71, 80-84.

Southwest further contends that Gerritsen Beach "allege[s] [it] relied on Republic First in making [its] investments, not on anything said or done by the SSJ Defendants," citing Gerritsen Beach's First Amended Petition. Defs.' Resp. 13. The Court, however, reads Gerritsen Beach's First Amended Petition differently. Throughout the factual background, Gerritsen Beach argues that Stephen Jemal controlled the SSJ Defendants, *e.g.*, Pls.' First Am. Pet. ¶ 29, and states: "Jemal, acting through the SSJ Entities, falsely represented himself to Plaintiffs . . . ," *id.* at 45. These allegations support Gerritsen Beach's claims against the SSJ Defendants. Accordingly, the SSJ Defendants are not nominal parties against whom Gerritsen Beach could sustain no state law cause of action.[9]

*2. Separate and Independent Claims.* – Second, Southwest argues that Gerritsen Beach's federal RICO claims against them constitute a separate and independent federal claim permitting removal pursuant to 28 U.S.C. § 1441(c). Defs.' Resp. 13-15. Section 1441(c) allows a defendant to remove a case whenever "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title[, i.e., a federal cause of action,] is joined with one or more otherwise non-removable claims . . . ," 28 U.S.C.

---

[8]Indeed, Gerritsen Beach, in the First Amended Petition's factual background, states: "Plaintiffs never would have invested . . . if *Defendants* had not made false representations regarding Jemal and his finances. Plaintiffs also would never have sold their minority equity interests in the SSJ Entities for a worthless promissory note . . . if they had not been misled by the conduct of *Defendants*." Pls.' Am. Pet. ¶ 47 (emphasis added).

[9]The Court makes this finding against the background that any doubt should be resolved in favor of remand. *Gutierrez*, 543 F.3d at 251.

§ 1441(c), and removal under § 1441(c) does not require the consent of codefendants. *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988); *Ross v. City of Lancaster*, No. 3:08-cv-1156-D, 2008 WL 4062082, at *1 (N.D. Tex. 2008) (Fitzwater, C.J.).

However, courts apply the "separate and independent" requirement strictly; "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951), *superseded by statute on other grounds*; *State of Tex. v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998) ("[A] case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants."). In addition, where claims involve "substantially the same facts," they are not separate and independent, *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996) (citing *Addison v. Gulf Coast Contracting Servs.*, 744 F.2d 494, 500 (5th Cir. 1984)), and a plaintiff's complaint controls the assessment of whether claims involve the same set of facts, *Am. Fire & Cas.*, 341 U.S. at 14.

Here, all of Gerritsen Beach's claims arise out of a single wrong and a single set of facts. In its First Amended Petition, Gerritsen Beach alleges that all of the Defendants participated in Stephen Jemal's scheme to "defraud[] investors out of tens of millions of dollars under the guise of raising capital for numerous condominium development projects . . . ." Pls.' First Am. Pet. ¶ 2 [1-7]. It then asserts several different theories of liability, including the RICO violation. *Id.* at ¶¶ 49-114. Accordingly, the RICO claim against

ORDER – PAGE 8

Southwest is not a "separate and independent claim or cause of action" removable without consent under § 1441(c).[10]

**3. Service.** – Finally, Southwest contends that Gerritsen Beach did not effect service on SSJ Defendants, and therefore removal did not require their consent. Defs.' Resp. 8-11; *see Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993); *Gillis v. La.*, 294 F.3d 755, 758-59 (5th Cir. 2002); *Med. Staffing Network, Inc. v. Health Care Capital, Inc.*, No. 3:04-cv-0794-B, 2004 WL 2626541, at *1 (N.D. Tex. 2004) (Boyle, J.); *McCrary*, 121 F.Supp.2d at 570. Although the neither the Supreme Court nor the Fifth Circuit have addressed whether service on a statutory agent pursuant to a state long arm statute qualifies as service for removal purposes, this Court, several district courts in this Circuit, and district courts around the country have held that it does not.[11]  *E.g., Medical Staffing*, 2004 WL 2626541, at *1

---

[10]Southwest argues that the SSJ Defendants, as the entities Gerritsen Beach identified as the RICO enterprise, cannot also be liable on the RICO claim, relying on *St. Paul Mercury Ins. Co v. Williamson*, 224 F.3d 425 (5th Cir. 2000). Defs.' Resp. 15. Therefore, its argument proceeds, the adjudication of the RICO claims does not depend on the participation of the other Defendants, and the claim is thus separate and independent. *Id.* However, this argument does not affect the Court's removal analysis. The RICO claims arise out of the same wrong and the same set of facts as Gerritsen Beach's claims against the other Defendants, regardless of Gerritsen Beach's various theories of liability.

[11]A federal court applies the law of the forum state – in this case, Texas – with regard to service of process after a plaintiff files a complaint. *See* FED. R. CIV. P. 4(e)(1); *e.g., Madden Bolt Corp. v. Glen Martin Engineering, Inc.*, No. H-08-3214, 2009 WL 490011, at *3 (S.D. Tex. 2009). However, the standard for service on a statutory agent for removal purposes in federal court is different than the standard for service in state court. The Court explained the difference in *Fidelity Funding, Inc. v. Pollution Research & Control Corp.*, No. 3:98-cv-1691-P, 1999 WL 20955, at *2 (N.D. Tex. 1999) (Solis, J.):

> Under Texas state procedural law, service is complete when the Secretary of State is served, not when a defendant receives notice. Once the Secretary of State forwards process to a defendant, the defendant is considered served even if the process is returned to the Secretary of State. Under federal law, however, the majority of courts have found that service on the Secretary of

(collecting authorities); *Rowland v. Giftcertificates.com, Inc.*, 195 F. Supp. 2d 509, 512

(S.D.N.Y. 2002)*; Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673-74 (S.D.W. Va. 2002)

(citing cases); *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Grp., Inc.*, 166 F. Supp. 2d

511, 513 (E.D. La. 2001)*; McCrary*, 121 F. Supp. at 570; *Monterey Mushrooms, Inc. v. Hall*,

14 F. Supp. 2d 988, 991 (S.D. Tex. 1998); *Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex.

1965).  Instead, a defendant must actually receive process.[12]  *See* 28 U.S.C. § 1446(b) ("The

notice of removal of a civil action or proceeding shall be filed within thirty days after the

*receipt* by the defendant, through service or otherwise . . . .") (emphasis added); *Med.*

*Staffing*, 2004 WL 2626541, at \*1; 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER &

EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3731 at 504-08 (4th ed. 2009)

(discussing service on a statutory agent as it relates to a defendant's time period to remove).

  Here, though Gerritsen Beach's attempted service on the Secretary of State does not

constitute completed "service" for removal purposes, Gerritsen Beach provides some

evidence that the SSJ Defendants actually received process from the Texas Secretary of

State, repackaged it, and returned it as "unclaimed" or for unknown reasons.  *See* Pls.' Br.

---

   State is insufficient to commence the time period for removal under 28 U.S.C.
   § 1446.  Rather, the time for removal is commenced when a defendant receives
   a copy of the pleading.

*Id.* (citations omitted).

  [12]Gerritsen Beach relies on *Barr v. Zurich*, 985 F. Supp. 701 (S.D. Tex. 1997), for the
proposition that service on the Secretary of State in Texas is sufficient for removal purposes.
However, this reliance is misplaced.  In *Barr*, the agent was not a statutory agent, like the
Secretary of State, but rather a registered agent.  *Id.* at 702.  Furthermore, the defendant in
*Barr* actually received process: a mail clerk within the registered agent's office signed for
service, the agent forwarded the petition to the defendant's corporate headquarters, and it was
placed in the wrong file at the corporate headquarters.  *Id.* at 702-03.

Supp. Mot. Remand 3-4.  In a similar case, *Fidelity Funding, Inc. v. Pollution Research and Control Corporation*, this Court found that a plaintiff properly served a defendant for removal purposes through the Texas Secretary of State where the defendant's employee actually received process but wrote "refused" on the letter and returned it to the Secretary. 1999 WL 20955, at *2-3.  On this record, and in accordance with the principle that "any doubt as to the propriety of removal should be resolved in favor of remand," the Court finds that the SSJ Defendants actually received process from the Texas Secretary of State and therefore were served for the purposes of removal.

Accordingly, and resolving all doubts in favor of remand, the Court finds that all Defendants in this case did not consent to remove and, therefore, finds Southwest's notice of removal defective.

## CONCLUSION

Because the Court finds Southwest's removal defective for failure to obtain the consent of all Defendants in violation of the rule of unanimity, the Court grants Gerritsen Beach's motion to remand.


Signed December 1, 2011.


_____
David C. Godbey
United States District Judge


ORDER – PAGE 11